Entered on Docket
September 27, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: September 26, 2006

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                           No. 05-46300 TK
                                                Chapter 7
CAREY SANCHEZ PARA,

        Debtor.
_____/

DR. DANIEL PARA,                                A.P. No. 06-4018 AT

        Plaintiff,

   vs.

CAREY SANCHEZ PARA,

        Defendant.
_____/

**MEMORANDUM OF DECISION**

    Prior to the commencement of this bankruptcy case, in connection with the divorce proceeding of the plaintiff (the "Plaintiff") and defendant (the "Debtor") in this adversary proceeding, the Alameda County Superior Court (the "family law court") imposed two obligations on the Debtor: i.e., for $36,185 and $31,500, respectively (the "Equalizing Payment Obligations"). These obligations were imposed on the Debtor to compensate for property or

debt awards made by the family law court that favored the Debtor.  In this adversary proceeding, the Plaintiff seeks a judgment of nondischargeability as to the Equalizing Payment Obligations pursuant to 11 U.S.C. § 523(a)(15).  The parties have filed cross-motions for summary judgment with respect to this claim.  The motions were heard and taken under submission.  Having considered the undisputed facts, based on the admissible evidence presented by the parties, and the applicable law, for the reasons stated below, the Debtor's motion will be granted, and the Plaintiff's motion will be denied.

## APPLICABLE LAW

**A.  SECTION 523(a)(15)**

As applicable here, 11 U.S.C. § 523(a)(15) provides as follows:

> (a) A discharge under section 727...of this title does not discharge an individual debtor from any debt-
> ---
> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless-
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business, or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

2

11 U.S.C. § 523(a)(15).[1]

The plaintiff has the burden of proving that the debt is a nonsupport debt incurred by the debtor in the course of a divorce or separation. The burden of proof then shifts to the debtor. To avoid a determination of nondischargeability, the debtor must prove that she is either unable to pay the debt or that requiring her to repay the debt would be more of a hardship than discharging the debt would be to her former spouse. See In re Jodoin, 209 B.R. 132, 138-41 (Bankr. 9th Cir. 1997). These "defenses" need not be applied on an all-or-nothing basis. If the evidence presented at trial warrants it, the Court may grant a partial discharge. See In re Myrvang, 232 F.3d 1116, 1122-24 (9th Cir. 2000).

In determining the debtor's ability to pay, the "disposable income" test set forth in 11 U.S.C. § 1325(b) is the appropriate starting point. However, in the context of 11 U.S.C. § 523(a)(15), given the possibility that a spouse may manipulate his or her budget to gain an advantage in the litigation, the test should utilize prospective income, not just actual current income, as well as reasonable expenses. Jodoin, 207 B.R. at 142. In balancing the hardships, the Court must exercise its discretion, and its decision

---

[1] Section 523(a)(5) provides that all domestic support obligations are nondischargeable. As applied to all cases filed on or after October 17, 2005, 11 U.S.C. § 523(a)(15) provides that all domestic nonsupport obligations are also nondischargeable. However, the Debtor commenced this case prior to October 17, 2005. Therefore, the form of 11 U.S.C. § 523(a)(15) quoted above governs the dispute in this adversary proceeding.

3

in this regard is reviewed for abuse of discretion. <u>Myrvang</u>, 232 F.3d at 1120.

**B. SUMMARY JUDGMENT STANDARDS**

Summary judgment motions are governed by Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure (hereinafter "FRBP"). FRCP 56(c) provides that summary judgment should be rendered if the evidence presented shows that "there is no genuine issue as to any material fact" and if the "moving party is entitled to a judgment as a matter of law." The moving party has the initial responsibility to inform the court of the basis for the motion. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party to establish that a genuine issue exists as to a material fact. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In determining whether summary judgment should be granted, the evidence presented by the opposing party, and all reasonable inferences that may be drawn from that evidence, must be accepted as true. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Matsushita</u>, 475 U.S. at 587.

**DISCUSSION**

**A. UNDISPUTED FACTS**

The Debtor and Plaintiff were married in 1987. They separated in 1997 and subsequently divorced. Plaintiff is a doctor. The Debtor is a graduate of Stanford University. During the marriage, the Debtor worked to assist the Plaintiff in obtaining his medical

4

degree. The couple had a daughter, Maya, in 1997. When the couple divorced, the Debtor was awarded primary custody of Maya. Maya has some health problems that require more than normal parental care.

As part of the divorce proceeding, Plaintiff paid to enable the Debtor to obtain an MBA. Since she obtained that degree, for several years, Plaintiff has been under family law court order to search diligently for a job commensurate with her abilities and educational degree. To date, she has failed to find such a position.

Instead, the Debtor does work part-time for the City of Pleasanton and does some consulting on her own. She earns only $1,700 per month and has no benefits through her employment. Her expenses are over $4,000 per month. Her total income in 2005 was less than $14,000. She also has student loan debt and pays $100 per week for child care during the summer. The Debtor lives with her daughter and her disabled parents in a rental house in Castro Valley, California. The Debtor pays half the rent. Other than by sharing expenses, the Debtor's parents do not contribute to the Debtor's support.

Plaintiff is a surgeon in Lake Havasu, Arizona. He has remarried and has four children under the age of seven. His income in 2004 was $225,939 and in 2005 $147,146. His income has continued to decrease in 2006. He believes that his decreased income is caused by defamatory statements made about him by a colleague whom he is suing as a result. He has substantial secured and unsecured debts and monthly expenses of approximately $29,000. He has recently been compelled to borrow approximately $70,000 to pay his malpractice

5

insurance, among other things.  He owns a 2001 Ebbtide boat and is making payments on two late model cars.

In addition, Plaintiff pays approximately $1,000 per month for membership in a golf club and approximately $200 per month for private school tuition.  He dines out frequently and spends substantial sums for luxury items, such as $653 for cigars and $1,284 to mount a game fish.

The family law court ordered Plaintiff to pay the Debtor child and spousal support.  He is currently in arrears in making these payments in the approximate amount of $75,000, including accrued interest.

**B. EVIDENTIARY OBJECTIONS**

With her reply, the Debtor filed evidentiary objections to portions of Plaintiff's opposition and cross-motion.

1.  She objected to consideration of a three page document which appears to represent a decision by the family law court on or about September 6, 2005 (the "2005 Decision") on the ground that the document has not been properly authenticated.  She also objected to consideration of a nine page document which appears to represent a decision by the family law court on or about November 9, 2004 (the "2004 Decision") on the same ground.

Authentication as a pre-condition to admissibility is governed by Rules 901 and 902 of the Federal Rules of Evidence.  Rule 902(4) provides that a certified copy of a publicly filed document is self-authenticating.  The copies of the decisions offered by Plaintiff are not certified.  However, Rule 901(7) states that an a public record

6

may be authenticated by providing "evidence that a writing authorized by law to be...filed and in fact...filed in a public office...is from the public office where items of this nature are kept." The Court concludes that the reference to the 2004 Decision in paragraph 4 of Plaintiff's declaration is sufficient to meet this requirement. Thus, with respect to the 2004 Decision, the Debtor's objection is overruled.

Plaintiff's declaration neither refers to nor attaches the 2005 Decision. A copy of the 2005 Decision is merely attached to Plaintiff's memorandum of points and authorities and subsequently to a notice filed with the Court by Plaintiff. Thus, with respect to the 2005 Decision, the objection is sustained, and the 2005 Decision will not be admitted.

    2.    The Debtor objected to paragraph 4 of Plaintiff's declaration on the ground that it is hearsay.[2] In this paragraph, Plaintiff purports to quote from a family law decision. The Debtor is correct that the quoted portion of this paragraph constitutes hearsay. Plaintiff has not cited any exception to the hearsay rule that would permit this statement to be considered. Consequently, the quoted portion of this paragraph will be stricken. The reference to the attached 2004 Decision as a copy of Judge Grimmer's decision will not be stricken.

---

[2] Her objection to this paragraph and to a portion of Plaintiff's response on the ground that it is incomplete and/or out of context is overruled as not constituting a proper evidentiary objection.

7

3.  The Debtor objected to the second sentence of paragraph 8 and to paragraph 11 of Plaintiff's declaration on the ground that the statements made therein are conclusory rather than factual.

a.  In the second sentence of paragraph 8, Plaintiff states that the downward trend in his income reflected by a comparison of his income in 2004 with his income in 2005 has continued during 2006. The Court disagrees that this statement is conclusory rather than factual.  The objection is overruled.

b.  In paragraph 11, Plaintiff states that staffing and billing issues have caused his business income to decline during 2006 to below what it was in 2004 and 2005.  Again, the Court disagrees that this statement is conclusory rather than factual.  The objection is overruled.

4.  The Debtor objected to page 7, lines 6 through 10 of Plaintiff's response and cross-motion filed on August 3, 2006 on the basis that it is unsupported by any evidence and constitutes hearsay. This objection is again directed to the same quotation from a family law decision contained in Plaintiff's declaration.  For the same reason, the Court will sustain the objection and strike the language in question.

**C.  LEGAL ARGUMENT**

**1.  Ability to Pay**

It is undisputed that the Debtor's current monthly income is approximately $1,400 and her monthly expenses exceed $4,000. Even if some of her expenses are nonessential, clearly, she has no disposable income at present.  However, as noted in Jodoin, in the context of 11

8

U.S.C. § 523(a)(15), the debtor's current disposable income is merely the starting point in determining her ability to pay a nonsupport divorce related obligation. Jodoin, 209 B.R. at 49. Because a bankruptcy discharge is forever, one must also consider the debtor's prospective disposable income.

As a graduate of Stanford University, and the recent recipient of an MBA, the Debtor presumably has the ability to earn a greater income than she does at present. Plaintiff contends that the Debtor has intentionally kept her income low to gain a litigation advantage in connection with her divorce proceeding and her bankruptcy case. In support of this contention, he cited In re Florio, 187 B.R. 654, 657-58 (Bankr. W.D. Mo. 1995) in which income was imputed to a debtor for purposes of 11 U.S.C. § 523(a)(15)(A) who voluntarily left her job as a surgical technician to work at a dog grooming business that paid her no income.[3]

---

[3] Not suprisingly, Plaintiff failed to cite In re Lonian, 226 B.R. 248, 253-57 (Bankr. W.D. Okla. 1998). In Lonian, the debtor was a physician who had voluntarily closed his practice shortly before the dischargeability trial. During the three years prior to his bankruptcy filing, he had earned $330,000, $360,000, and $181,000, respectively. Nevertheless, he had failed to pay his income taxes and thus had substantial nondischargeable tax debt. After closing his practice and seeking employment, he claimed that the best job offer he had received was for $120,000. The Court concluded that the debtor was capable of earning more than he claimed and thus had the ability to pay his nonsupport debt to his former spouse. It refused to reward him by discharging the debt to his former spouse because he had failed to pay his tax debt at a time when he was clearly able to do so. Given the reversal of roles in the instant case, this case is not applicable to a determination of the 11 U.S.C. § 523(a)(15)(A) prong. However, it does inform the Court's decision on the 11 U.S.C. § 523(a)(15)(B) prong.

The Debtor has presented no evidence explaining her failure to obtain more remunerative employment to date as a result of her job search. Her statements concerning Maya's health problems and her need for her mother's attention are too vague to excuse the Debtor from obtaining more remunerative employment as a matter of law. However, it is not insufficient to create a genuine issue of fact in that regard. Thus, both the motion and cross-motion, to the extent that they are based on the 11 U.S.C. § 523(a)(15)(A), are denied.

**2. Balance of Hardships**

Balancing the hardships under 11 U.S.C. § 523(a)(16) to some extent requires a crystal ball. At present, the Debtor is clearly in more straightened financial circumstances than Plaintiff. Plaintiff may be subject to substantial debt and required to borrow to meet certain critical current obligations. However, he lives the lifestyle of an affluent person while the Debtor lives frugally.

However, it is possible, perhaps even likely, that, in the future, the Debtor's economic circumstances will improve. It is also possible that Plaintiff's economic circumstances will become worse. The Court cannot determine the future with any certainty. It is possible that additional evidence presented at trial could help the Court in formulating a reasonable prediction. Thus, but for one additional undisputed fact, the Court would also deny summary judgment on both motions on this prong.

The additional fact is Plaintiff's failure to pay court ordered spousal and child support in an amount totaling at present, with accrued interest, $75,000. Balancing hardships is an equitable

10

endeavor. Parties who seek an equitable determination must behave equitably. Failing to pay court ordered support to a former spouse and one's child in favor of paying dues to a country club, among other things, does not satisfy generally accepted equitable standards. Thus, the Court will grant the Debtor's motion for summary judgment under 11 U.S.C. § 523(a)(15)(B) and will discharge the Equalizing Payment Obligations. The Court will deny Plaintiff's cross-motion for summary judgment.

## CONCLUSION

The Equalizing Payment Obligations are nonsupport obligations incurred in connection with a divorce and thus are nondischargeable unless the Debtor meets her burden of proving a defense under either 11 U.S.C. § 523(a)(15)(A) or (B). The Court concludes that the neither the Debtor nor Plaintiff have established a right to summary judgment with respect to the Debtor's ability to pay under 11 U.S.C. § 523(a)(15)(A). However, the Court concludes that, based on the undisputed evidence, pursuant to 11 U.S.C. § 523(a)(15)(B), it would be a greater hardship on the Debtor to fail to discharge the Equalizing Payment Obligations than it would be a hardship on Plaintiff to discharge them. Counsel for the Debtor is directed to submit a proposed form of order and judgment in accordance with this decision.

END OF DOCUMENT

11

COURT SERVICE LIST

James F. Beiden
Law Offices of James F. Beiden
840 Hinckley Rd., #245
Burlingame, CA 94010

Robert M. Cook
Law Offices of Robert M. Cook
1430 E. Missouri
Phoenix, AZ 85014

12